## MATTER v BERGER et

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1062. Decided May 25, 1931

I. C. Delscamp and R. H. Zehring, Dayton, for Matter.

Burkhart, Heald & Pickrel, Dayton and C. V. Zimmerman, Dayton, for Berger.

KUNKLE, J.

The only remaining question, therefore, is as to whether plaintiff has sustained by the requisite degree of proof the fact that the conveyance in question was made with intent to defraud such subsequent creditor. We have considered the testimony which has been submitted to us with considerable care and without attempting to recite the same in detail have reached the conclusion that plaintiff has failed to establish by a preponderance of the evidence a fraudulent intent on the part of the defendant George W. Berger to defraud him at the time such conveyance was made. We concede that the testimony of plaintiff as found on page 25 of the record would support a finding in his favor if his version of what transpired between himself and Mr. and Mrs. Berger was sustained by the weight of the evidence. His version of what occurred upon the evening in question is denied by both Mr. and Mrs. Berger, and a reading of the testimony of the witness, Charles Hartzell, a friend of plaintiff who accompanied him on the night in question to call upon the Bergers, does not support the plaintiff's version of what was said by Mrs. Berger.

The Bergers also explained that $500 of the original purchase price of this property was advanced by Mrs. Berger and in substance claim that substantially the entire consideration for the original purchase of this property was the result of Mrs. Berger's efforts. The defendant George W. Berger also assigns as a reason for transferring this property to his wife, the experience they had when Mrs. Berger's father died and the trouble his wife's mother had by reason of their home being in the name of the father instead of the mother.

From a thorough consideration of the entire record, we are of opinion that plaintiff has failed to prove by a preponderance of

the evidence that the premises in question were transferred by the defendant George W. Berger to his wife, the defendant Alice Berger, for the purpose of defrauding plaintiff and the petition will therefore be dismissed. The same decree will be rendered in this court as was rendered in the lower court.

ALLREAD, PJ and HORNBECK, J, concur.